UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:25-cv-664

KYLE A. MAJOR and MEGAN C. MAJOR,

    Plaintiffs,

v.

THE CINCINNATI INSURANCE COMPANY,

    Defendant.

**CINCINNATI'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)**

Defendant, THE CINCINNATI INSURANCE COMPANY ("Cincinnati"), by and through the undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina (the "Notice"). A copy of this Notice is being filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina and provided to all adverse parties pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Cincinnati states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

On July 22, 2025, Kyle A. Major and Megan C. Major ("Plaintiffs") filed a legal complaint against Cincinnati in the Superior Court of Mecklenburg County, State of North Carolina ("Complaint"). *See Exhibit A, Complaint.* On July 24, 2025, Plaintiffs served a copy of the Complaint upon the North Carolina Department of Insurance. *See Exhibit B, Acknowledgement of Service and Certified Mailing.* The North Carolina Department of Insurance forwarded a copy of the Complaint to Cincinnati, which Cincinnati did not receive until August 7, 2025. *See id.* The time for Cincinnati to remove this Action to

Federal Court has not yet expired.

The Complaint regards whether an insurance policy ("Policy") issued to Plaintiffs requires Cincinnati to indemnify Plaintiffs for damages Plaintiffs allege they incurred because of "wind, hail and/or water damage on or about July 8, 2023." *See Ex. A, Complaint, ¶ 9.* The Policy pertains to, *inter alia*, Plaintiffs' residential property located at 6625 Lynn Avenue in Charlotte, North Carolina (the "Property"). *See Ex. A, Complaint, ¶ 7.* Plaintiffs contend that despite notifying Cincinnati of their alleged losses, Cincinnati refused to pay for damages Plaintiffs contend are covered by the Policy. *See Ex. A, Complaint, ¶ 13.*

Plaintiffs' Complaint includes allegations against Cincinnati for purported (1) Breach of Contract; (2) Restitution/Unjust Enrichment/Quantum Meruit; (3) Bad Faith/Breach of the Covenant of Good Faith and Fair Dealing; (4) Negligence; (5) Unfair and Deceptive Trade Practices–N.C. Gen. Stat. § 75-1.1; and (6) Attorney's Fees. *See Ex. A, Complaint, ¶¶ 15–44.* Plaintiffs' Complaint alleges that "the amount in [controversy] on the Claim, exclusive of . . . interest and costs, does not and will not exceed seventy-five thousand dollars ($75,000.00)." *See Ex. A, Complaint, ¶ 6.*

However, immediately prior to filing suit, Plaintiffs provided to Cincinnati a signed "Sworn Proof of Loss" identifying damages totaling $56,819.63. *See Exhibit C, Sworn Proof of Loss.* The Plaintiffs contend Cincinnati is obligated to pay the total of $56,819.63 pursuant to the terms of the Policy. *See Ex. A, Complaint, ¶ 19.* Additionally, the Plaintiffs allege that the Unfair and Deceptive Trade Practices Act entitles them to "treble compensatory damages." *See Ex. A, Complaint, ¶ 41.* North Carolina law permits Plaintiffs to recover amounts in excess of the sum alleged and demanded in their

Complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 54(c).

Given Plaintiffs' Proof of Loss and the Complaint's allegations, Plaintiffs' purported damages clearly exceed $75,000. *See id.* While Cincinnati disputes Plaintiffs' position that Plaintiffs sustained $56,819.63 in contractual, compensatory damages and are entitled to treble damages under the Unfair and Deceptive Trade Practices Act, these issues demonstrate a dispute between the Parties in excess of $75,000. Also, Plaintiffs' Complaint seeks additional amounts under other legal theories, including attorney's fees. While Cincinnati respectfully disagrees with Plaintiffs' position, these issues demonstrate a dispute between the Parties in excess of $75,000.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

Under 28 U.S.C. § 1332, this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." *Id.* Here, both criteria are met.

### I. The Amount in Controversy Exceeds $75,000

As indicated above, the amount in controversy exceeds $75,000.00, exclusive of costs and interest. A federal court has diversity jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Elliott v. American States Insurance Company*, 883 F.3d 384, 394 (4th Cir. 2018); *see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Wood v. Stark Tri-County Bldg. Trades*

*Council,* 473 F.2d 272 (6th Cir. 1973) (holding same); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris); First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.,* 648 F. App'x 861, 864 (11th Cir. 2016).[1]

Because North Carolina law permits recovery of damages in excess of the amount demanded by Plaintiffs, Cincinnati is allowed to assert the amount in controversy via this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

Here, as stated above, Plaintiffs' claimed compensatory damages against Cincinnati relative to the Breach of Contract Count alone are purportedly $56,819.63. Additionally, Plaintiffs seek to treble their alleged compensatory damages and recover attorney's fees. While Plaintiffs allege that the "amount in [controversy] on the Claim" does not exceed $75,000, nothing in Plaintiffs' Complaint binds it to this allegation. *See* N.C. Gen. Stat. § 1A-1, Rule 54(c). Moreover, the Plaintiffs' Proof of Loss and the legal remedies they assert via the Complaint demonstrate that Plaintiffs would recover in excess of $75,000 if they were ultimately to prevail on their factual and legal positions. Accordingly, the "amount in controversy" is clearly met.

## II.  Complete Diversity of Citizenship Exists

Plaintiffs are both citizens of and domiciled in North Carolina. *See Ex. A, Complaint, ¶ 1.* Thus, Plaintiffs are not citizens of Ohio; are citizens of North Carolina;

---

[1] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "The key inquiry in determining whether the amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *See Padgett Properties, LLLP v. Nautilus Insurance Co.*, 645 F. Supp. 3d 538, 542 (E.D.N.C. 2022), *citing Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017).

and are completely diverse from Cincinnati.

Cincinnati is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Fairfield, Ohio. *See Exhibit D, Certificate of Amendment to Articles of Incorporation of The Cincinnati Insurance Company*; *see also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Thus, Cincinnati is a citizen of Ohio.

Given that Plaintiffs are both citizens of North Carolina and Cincinnati is a citizen of Ohio, complete diversity exists between the Parties.

## **CONCLUSION**

Because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, and this matter is between citizens of different states, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Mecklenburg County, North Carolina. A copy of the Notice of Filing the Notice of Removal, which shall be filed in the State Court action, is attached hereto as *Exhibit E*.

This Notice of Removal is not a waiver of any of Cincinnati's defenses, nor should it be understood or construed as a waiver of any defense Cincinnati may hereafter have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, The Cincinnati Insurance Company removes the above-captioned Action from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

This the 3rd day of September, 2025.

BUTLER WEIHMULLER KATZ CRAIG LLP

**/s/ T. Nicholas Goanos**
T. Nicholas Goanos
NC Bar No.: 45656
Roman C. Harper
NC Bar No.: 53995
11525 N. Community House Road, Suite 300
Charlotte, North Carolina 28277
T:  704.543.2321
F:  704.543.2324
E:  tgoanos@butler.legal
E:  rharper@butler.legal
*Attorneys for The Cincinnati Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic filing with the United States District Court for the Western District of North Carolina by using the CM/ECF System and by placing the same, postage paid via FedEx 2-Day Delivery on September 3, 2025, addressed to all counsel or parties of record as follows:

EVERSON & MEMIC LAW, LLP
Alexandrea M. Everson
2013 Olde Regent Way, Suite 150, #225
Leland, North Carolina 28451
910.622.3121
alex@eversonmemiclawfirm.com
*Attorney for Plaintiffs*


**/s/ T. Nicholas Goanos**
T. Nicholas Goanos